UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JEFFREY L. ABRAHAM,           *
                              *
            Plaintiff,        *
                              *
    v.                        *        CIV. NO. SA-10-CA-453-XR
                              *
CAVENDER BOERNE ACQUISITION OF *
TEXAS, LTD., aka CAVENDER     *
CHEVROLET,                    *
                              *
            Defendant.        *

## ORDER

On this day the Court considered defendant, Cavender Boerne
Acquisition of Texas, Ltd.'s ("Cavender's") motion to compel.
(Docket nos. 20 and 24). Plaintiff, Jeffrey L. Abraham, has
responded. (Docket no. 23). Upon consideration of the motion,
response and applicable law, the Court **GRANTS** defendant's motion.

## Factual Background

Plaintiff, Jeffrey Abraham, was employed by the defendant,
Cavender, as a car salesman from October of 2007 until March of
2009, when he was terminated. Plaintiff, who is Anglo and over
forty years of age, states that during his employment, he
discovered that the manager of internet sales, who was Hispanic and
under forty years of age, was directing leads to other Hispanics
and/or younger sales persons. Plaintiff states that on June 2,
2008, he submitted a written complaint of discrimination and
eighteen days later, his employer issued him a written warning due,
allegedly, to his substandard performance.

In October of 2008, plaintiff filed a complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) on the basis of his national origin, Anglo; his age, over 40; and in retaliation for having engaged in protected activity by complaining about discrimination in the workplace. Plaintiff was subsequently terminated on March 3, 2009, and filed suit in state court, alleging violations of Title VII of the Civil Rights Act, as well as the Age Discrimination in Employment Act. Defendant timely removed the case in May of 2010. A scheduling order was entered with discovery being due May 2, 2011. (Docket no. 8). On March 22, 2011, defendant filed the instant motion, seeking to compel plaintiff to respond to defendant's written discovery requests.[1] (Docket no. 20).

## Applicable Law

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense..." **FED.R.CIV.P. 26(b)(1).** Upon a showing of good cause, the party may obtain a court order to discover any matter relevant to the subject matter involved in the action. *Id.* "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "Courts construe discovery rules liberally to serve the purposes of

---

[1] Defendant also filed a motion seeking to extend the scheduling order which Judge Rodriguez granted on March 29, 2011. (Docket no. 22).

discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D.Tex. 2003).

The party resisting discovery bears the burden of establishing lack of relevance, specifically by demonstrating the requested discovery either does not come within the broad scope of relevance under Rule 26(b)(1) or is of such marginal relevance the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. *Securities & Exchange Comm'n v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006). The rules of broad discovery available under Rule 26 apply also to document requests under Rule 34. *See Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan. 2003).

## Discussion

### I. INITIAL DISCLOSURES

Counsel for defendant, who was substituted as counsel in this case in December of 2010, initially complained that although he served defendant's Initial Disclosures on plaintiff on February 9, 2011, and despite two requests to plaintiff that plaintiff serve his disclosures upon the defendant, plaintiff has yet to do so. Plaintiff responded only that he had served his Rule 26 Disclosures on the defendant but failed to provide any evidence of having done so and further, failed to state when he, in fact, served his

disclosures.  In its reply to plaintiff's response, defendant advised the Court that plaintiff filed his disclosures after defendant filed this motion to compel and two days prior to filing his response.  *See* **Fed.R.Civ.P. 37(a)(5)**(providing that if the disclosure is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees").

Further, defendant complains that the disclosures plaintiff only recently served are incomplete; therefore, defendant requests that plaintiff be ordered to supplement his disclosures in adherence to Rule 26.  More specifically, defendant complains that in response to disclosure 26(a)(1)(A)(i), plaintiff lists a number of individuals likely to have discoverable facts, sets out a global paragraph describing the subjects of discoverable information, and then states that the named persons "have knowledge of some or all of the information."  This is insufficient as it fails to identify which individual has knowledge of what discoverable information. **Fᴇᴅ.R.Cɪᴠ.P. 26(a)(1)(A)(i)** (requiring that the name and address of each individual likely to have discoverable information be disclosed–along with the subjects of that information).  Defendant further complains that plaintiff lists several categories of

documents and states that, to his knowledge, all of these documents are in the defendant's possession. This too is insufficient. **See** **Fᴇᴅ.R.Cɪᴠ.P. 26(a)(1)(A)(ii)**(disclosing party must provide "a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the disclosing party *has in its possession, custody or control*").

Defendant also complains that plaintiff has failed to disclose a computation of his damages. **See Fᴇᴅ.R.Cɪᴠ.P. 26(a)(1)(A)(iii)** (requiring the disclosure of a computation of each category of damages). Additionally, plaintiff has apparently failed to make documents or other evidentiary material relating to his claim for damages available for inspection and copying. **Id.** Plaintiff provides no reason for his failure other than to state he has not yet calculated damages, which is wholly insufficient. **Id.**, **26(a)(1)(E)**("[a] party is not excused from making its disclosures because it has not fully investigated the case").

Accordingly, defendant's motion to compel is **GRANTED** as to plaintiff's initial disclosures. Plaintiff is **ORDERED** to amend his disclosures in compliance with Rule 26 within seven (7) days from the date of this order.

## II. *Request FOR PRODUCTION*

### A. *Location for Serving Documents Responsive to Defendant's Request for Production*

Counsel for defendant requested that plaintiff produce

documents responsive to its request at the offices of counsel for the defendant.  Counsel for plaintiff refused, and instead offered to make the documents available at the office of plaintiff's counsel.[2]  Counsel for defendant then sought dates and times when he could send a copy service to opposing counsel's office to copy documents; however, counsel for defendant maintains that to date, counsel for plaintiff has not provided available dates and times.  Defendant now seeks to compel plaintiff to serve defendant's counsel with copies of any responsive documents in its possession.

Notably, in his discovery responses, as well as in response to defendant's motion to compel, plaintiff objects to producing discovery, in part, because the request(s) was unreasonably cumulative or duplicative.  Additionally, citing Fed.R.Civ.P. 26 (b)(2)(C)(i), plaintiff argues that the information requested could be obtained from another source that was more convenient, less burdensome, or less expensive.

However, plaintiff filed this suit and should be prepared to advance his claims.  Thus, to the extent plaintiff has any of the requested documents in his possession, custody or control, he should be prepared to produce them.  ***See Abrahamsen v. Trans-State Express, Inc.***, 92 F.3d 425, 428 (6th Cir. 1996)("The rules of

---

[2]According to Mapquest, the distance between the office of counsel for defendant and Helotes, where counsel for plaintiff offices, is approximately 22.65 miles which would take under an hour to traverse.  A more precise figure could not be obtained because counsel for plaintiff provides a P.O. Box and her exact office location is unknown.

discovery ... do not permit parties to withhold material simply because the opponent could discover it on his or her own."). Further, plaintiff has not demonstrated that the discovery sought is unreasonably cumulative or duplicative, or that it could be obtained from some other source that is more convenient, less burdensome, or less expensive. Moreover, had plaintiff made the documents available to opposing counsel at counsel for defendant's office or provided a time and date when opposing counsel could view the documents at counsel for plaintiff's office, the parties might have amicably resolved this matter as it is unlikely that counsel for defendant would have incurred additional costs in copying documents it already had or could more readily obtain elsewhere. Indeed, plaintiff would have incurred little or no cost and relatively minor inconvenience had he only been more forthcoming.

Accordingly, plaintiff's argument, that the discovery sought is unreasonably cummulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive is unavailing.

**B.    _Supplementation_**[3]

Plaintiff filed this lawsuit on May 21, 2010, alleging he was terminated in violation of Title VII. Counsel for plaintiff states that defendant's former counsel e-mailed her on October 15, 2010,

---

[3]Plaintiff incorporates identical arguments in his response to defendant's complaints regarding plaintiff's global objections and supplementation of plaintiff's responses to defendant's Request for production and answers to interrogatories.

asking if plaintiff would accept service of the Request for Production via e-mail and stating that if no response was received, the requests would be served via facsimile. Counsel for plaintiff states that no agreement was made regarding service via e-mail and the requests were, in fact, not served via facsimile. At any rate, counsel for plaintiff appears to acknowledge that defendant's current counsel wrote to her on January 27, 2011, asking plaintiff to respond to discovery without objection. By agreement, plaintiff "responded" in March of 2011. However, in response to a number of interrogatories and requests for production, plaintiff states only that he will supplement his response and answer; no responses or answers to these requests and interrogatories is otherwise provided.

Pursuant to Rule 34(b)(2)(A), a party served with a request for production must serve a response on the requesting party within 30 days after being served. **FED.R.CIV.P. 34(b)(2)(A).** "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." **See FED.R.CIV.P. 37(a)(4).** Rule 26(e) further provides that "[a] party who has made a disclosure under Rule 26(a)- or who has responded to an interrogatory, request for production, or request for admission- must supplement or correct its disclosure or response . .. in a timely manner."

Here, although plaintiff filed his "response" within the time

proscribed, and maintains he should be afforded additional time to "supplement," stating one will "supplement" at a later date does not amount to an initial response to a request for information but rather, is an attempt to subvert the requirements of the discovery rules. *See id.* Further, given the paucity of plaintiff's initial "responses" in March of 2011, despite the fact that plaintiff filed this suit in May of 2010, and that pursuant to the Scheduling Order, discovery was due by May 2, 2011, plaintiff's argument that "defendant's request for immediate supplementation is unwarranted and unreasonable" is unavailing.

Accordingly, the Court finds that defendant's motion has merit; plaintiff is therefore **ORDERED** to supplement his responses within seven (7) days from the date of this order.

## C. *Authorization*

Defendant also seeks to compel signed authorizations for medical,[4] tax, and employment records as part of its Request for Production. Defendant maintains that this information is relevant to plaintiff's claims and defendant's defenses because plaintiff seeks recovery for past and future lost wages and benefits, as well as damages for emotional pain and suffering.

Generally, a plaintiff is only required to produce documents

---

[4]Plaintiff objects to producing information pertaining to his physical, mental or emotional condition, maintaining that despite the fact that his pleadings state otherwise, he does not intend to claim damages based on emotional pain and suffering. Plaintiff is advised that he should amend his pleadings to reflect his abandonment of this claim or be prepared to produce discovery pertaining to this issue.

in his possession, custody or control. **F**ED**.R.C**IV**.P. 34(a)(1);** *see also Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229-30 (Fed. Cir. 1996)(defining "control" as the legal right to obtain documents on demand). Therefore, to the extent the Court finds information pertaining to plaintiff's health, tax, and employment history relevant, plaintiff is required to produce all responsive documents within his possession, custody or control within seven (7) days from the date of this order; however, should plaintiff find himself unable to produce documents within his possession, custody or control within the time specified, he should be prepared to provide defendant, within seven (7) days from the date of this order, with copies of signed releases authorizing defendant to obtain these records. *See Doe v. District of Columbia*, 231 F.R.D. 27, 35 (D.D.C. 2005)(plaintiff ordered to comply with production request and produce copies of medical record or authorize release of records).

**D.     *Privilege Log***

In response to Request for Production Nos. 1, 4, 6 and 23, plaintiff asserted the attorney-client privilege and/or work product protection. Defendant seeks to compel plaintiff to produce a privilege log with respect to documents withheld on the basis of this privilege and protection. Rule 26 provides that "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-

10

preparation material, the party must: ... expressly make the claim; and ... describe the nature of the documents, communications, or tangible things not produced or disclosed– and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." **FED.R.CIV.P. 26(b)(5)(A)**.

Here, plaintiff has clearly failed to abide by the rule; moreover, in his response to defendant's motion to compel, plaintiff fails to adequately address this issue other than to withdraw many of his objections. *See* **Fed.R.Civ.P. 37(a)(5)** (providing that if the disclosure or requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). In a few instances, plaintiff asserts the privilege but admits that there are no documents responsive to this request at this time. A party may only assert a privilege to an existing document and in doing so, must adhere to the requirements of Fed.R.Civ.P. 26(b)(5)(A).

Accordingly, the Court finds that defendant's motion has merit with respect to this issue. Plaintiff is ordered to amend his answers within seven (7) days from the date of this order. If a

valid privilege to documents existed, it has been waived.  **See**

**Cashman Equipment Corp. v. Rozel Operating Co.**, 2009 WL 2487984,

at *2, n.4 (M.D.La. 2009).[5]

**E.    Objections**

Plaintiff initially objected to defendant's request for production as

follows:

> Counsel for Plaintiff objects to Defendant's instructions
> preceding the Request for production to the extent they request
> Plaintiff to provide information which is outside the scope of
> discovery and/or alter the duties imposed on Plaintiff in relation
> to answering discovery requests as set forth in the Fed. R. Civ.
> Proc.

Defendant initially maintains this global objection should be overruled because

it fails to meet the level of specificity required by the Rules of Federal Civil

Procedure.  More specifically, defendant argues that plaintiff does not identify

which instruction is objectionable.

Rule 34 requires that a party responding to discovery provide a response

for each item or category and either state that the items will be produced or

object to the request, and include the reasons for the objection.  **See**

**Fed.R.Civ.P. 34(b)(2)(B)**.  Further, subsection (C) specifies that "[a]n objection

to part of a request must specify the part and permit inspection of the rest."

**Id., (C)**.

A blanket objection is inadequate.  **See Biliske v. American Live Stock Ins. Co.**,

73 F.R.D. 124, 126 (W.D. Okla. 1977).  Although the Rule does not explicitly

address objections to instructions to discovery, the underlying rationale for

requiring specificity is the same; a party should be made aware of the specific

nature of the objection in order to address the objection and remedy it.

Here, plaintiff's objection fails to identify which instruction plaintiff

---

[5]The Court finds that waiver of the privileges is appropriate based upon
counsel's broad-based failure to comply with the federal rules governing
discovery.

is objecting to and lacks the specificity necessary to address the deficiency, if any, existing; accordingly, the Court finds defendant's motion has merit and it is, therefore, **GRANTED** as to this issue.

The Court turns now to plaintiff's specific objections to defendant's Request for Production.[6] In Request for Production Nos. 1, 6, and 23, defendant sought the following:

**NO.1:** Please produce any and all documents, notes, correspondence, records, memoranda, writings, recordings, statements or other written materials which were received from Defendant that relate, refer to or support any of your claims in this action.

**NO.6:** Provide all documents given to any local, state, or federal agency, office, department, or official describing or identifying the persons, events, damages, facts, and/or incidents made the basis of this lawsuit, including, without limitation, statements by you or any witness on your behalf.

**NO. 23:** Produce all documents related to or supporting any EEOC Charge filed by you against defendant and all amendments to such Charge, including but not limited to any documents forwarded by you to the Equal Employment Opportunity Commission, the Texas Commission on Human Rights or the Texas Workforce Commission--Civil Rights Division, or any documents received by you from the Equal Employment Opportunity Commission, the Texas Commission on Human Rights or the Texas Workforce Commission--Civil Rights Division.

In response to each of these requests, plaintiff objected that these requests were cumulative or duplicative and the documents were available from a more convenient source, including the TWC,

---

[6]The Court notes that with respect to Request for Production Nos. 3, 20, 21 and 22, plaintiff responded either that no documents responsive to these requests existed or that the requests were inapplicable. Since no objection was raised as to these requests, and plaintiff maintains no documents responsive to these requests exist, the Court need not consider these requests.

the EEOC and/or the Defendant. Counsel further objected to these requests to the extent they sought documents protected by the work product immunity.[7]

Subject to and without waiving said objections plaintiff responded as follows:

Plaintiff identifies documents in the possession of the TWC and the EEOC, and to documents produced in discovery in this case and/or in Plaintiff's case pending against the TWC and the Defendant in the County Court in Kendall County, Texas, all of which are in the possession of or equally available to the Defendant.

For reasons previously stated in this order, plaintiff's objections that these requests are cummulative or duplicitous or "equally available" to the defendant are unavailing. *See Abrahamsen*, 92 F.3d at 428("The rules of discovery ... do not permit parties to withhold material simply because the opponent could discover it on his or her own.").

Accordingly, defendant's motion to compel Requests Nos. 1, 6 and 23 is **GRANTED**.

In Request for Production No. 2, defendant sought the following:

Produce any and all documents, notes, correspondence, records, memoranda, writings, recordings, statements, calendars, physician statements, medical reports, medical bills, hospital reports, test reports, or any other tangible item reflecting your physical, mental or emotional condition for the past five (5) years.

Request for Production Nos. 7, 8 and 9 also requested that

---

[7]With respect to Nos. 1, 6 and 23, plaintiff indicated in his response that his objection on the basis of work product was "unintentional" and that he has, therefore, withdrawn his objections. *See* **FED.R.CIV.P. 37(a)(5)**.

plaintiff complete and sign an attached Employment Records Authorization form, Medical Authorization form and Internal Revenue Service Authorization form. If plaintiff refused to do so, he was to state his reason for his refusal.

Plaintiff objected to Request No. 2, asserting that he is not alleging or claiming damages based on mental anguish or any other medical condition; however, his pleadings reflect otherwise. Plaintiff should amend his complaint accordingly or provide the requested information. Pursuant to Request Nos. 7, 8 and 9, defendant also requested that plaintiff execute authorization forms to release his medical, employment and tax records.

For reasons previously set forth, Requests Nos. 2, 7, 8 and 9 are conditionally **GRANTED**; if plaintiff does not amend his pleading to delete his claim for medical damages and further, can not produce, for what ever reason, all documents within his possession, custody or control pertaining to production requests for his employment, tax, and if pertinent, medical records, he should be prepared to execute signed releases, within seven (7) days from the date of this order, to make this information available to the defendant.

In Request for Production Nos. 4, 5, 17 and 18, defendant sought the following:

> **NO.4:** Produce each and every witness statement you have obtained from Defendant, its employees, agents, servants, representatives, predecessors, and/or affiliates, or anyone acting on behalf of Defendant which is in your

possession, custody, or control. For purposes of this Request, "witness statement" is defined as (1) a sworn statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcription of such a recording.

**NO.5:** Produce all notes, diaries, calendars, photographs, motion pictures, video or audio recordings, maps, drawings, charts, diagrams, measurements, memoranda, surveys, or other documents prepared by you - whether in physical or electronic form - describing or identifying the persons, events, damages, facts, and/or incidents made the basis of this lawsuit. This Request does not include any items prepared by you or your attorney pursuant to the attorney-client privilege or attorney work product privilege.

**NO. 17:** Produce any and all documents reflecting or demonstrating that you were discriminated against by Defendant. This Request does not include any such items prepared by you or your attorney pursuant to the attorney-client and/or attorney work product privileges.

**NO. 18:** Produce any and all documents reflecting or demonstrating that you were retaliated against by Defendant. This Request does not include any such items prepared by you or your attorney pursuant to the attorney-client and/or attorney work product privileges.

Plaintiff responded either that he objected on the basis of work product immunity, that no documents existed "at this time which are not subject to the attorney client and/or work product privilege/immunity," or that he would supplement to identify documents not protected by the attorney client and or work product privilege/immunity. All of these objections appears to imply that documents exist that are privileged. For reasons previously set forth, any assertion of a privilege has been waived. Further, if no documents exists, plaintiff should state this.

Accordingly, defendant's motion to compel responses to Request Nos. 4, 5, 17 and 18 is **GRANTED.**

In Request for Production No. 10, defendant sought the following:

> Produce any and all documents that reflect or identity any economic damages you are claiming in this case. This Request does not include any such items prepared by you or your attorney pursuant to the attorney-client and/or attorney work product privileges.

Request for Production No. 11 further sought plaintiff to:

> Produce any and all documents that reflect or identify any and all non-economic damages that you are claiming in this case. This Request does not include any items prepared by you or your attorney pursuant to the attorney-client privilege or attorney work product privilege.

Plaintiff responded to both requests that he had not calculated damages at this time but would supplement this response if there were any documents responsive to this request. For reasons previously set forth, this response is insufficient. Accordingly, defendant's motion to compel responses to Request Nos. 10 and 11 is **GRANTED.**

In Request for Production Nos. 12, 13, 14 and 16, defendant sought the following:

> **NO. 12:** Produce any and all documents, notes, correspondence, records, memoranda, writings, recordings, time records, time reports, statements, calendars, checks, receipts, bank deposits or bank statements, tax returns, tax earning reports, W-2s, 1099s or any other tangible items which reflect any earnings received by you from the date your employment with Defendant terminated to the present. Include all schedules and attachments to those tax returns. This will include any payment in lieu

17

of wages received from any state or federal agency or any proceeds received from any disability, workers' compensation, or other insurance policy.

**NO. 13:** Produce any and all documents, note, correspondence, records, memoranda, writings, recordings, report, statements, or any tangible item in your possession, custody, or control which were submitted to or received from any agency related to claims for financial assistance, including, but not limited to, the Social Security Administration and any federal or state agency administering claims for unemployment compensation, aid to families with dependent children or other social services, from the date your employment with Defendant terminated to the present.

**NO. 14:** Produce any and all documents reflecting or demonstrating your efforts to obtain employment since the time that your employment with Defendant terminated including, but not limited to, searches of the world wide web, letters or e-mails to prospective employers, resumes, employment applications, letters from prospective employers, letters making a job offer, letters accepting job offers and/or letters rejecting job offers.
**NO. 16:** Produce any and all documents reflecting or demonstrating the terms and conditions of any employment you have held (whether as an employee or independent contractor) since the time that your employment with Defendant terminated including, but not limited to, documents reflecting the position held, wages, benefits, identity of supervisor, and number of hours worked.

Plaintiff objected to these requests to the extent they requested documents which are irrelevant and not calculated to lead to the discovery of any relevant evidence and which do not relate to plaintiffs claims or defendant's defenses. Plaintiff further objected on the grounds that these requests were cumulative and duplicative of other requests seeking documents regarding plaintiff's income. Subject to and without waiving said objections, Plaintiff responded that he would supplement these

responses with documents reflecting any employment income and or income benefits, as well as any employment applications or inquiries which plaintiff has in his possession, since plaintiff was terminated by the defendant.

Plaintiff sued the defendant for wrongfully terminating him and is seeking lost wages and benefits, past and future; therefore, information pertaining to plaintiff's income and employment history is indeed relevant. Further, although plaintiff complains that these requests are cummulative or duplicative of other requests, it appears that plaintiff has not produced any documents responsive to his income or employment history. *See* **FED.R.CIV.P. 34 (b)(2)(C)**. Accordingly, defendant's motion to compel is **GRANTED** as to Requests Nos. 12, 13, 14 and 16. Plaintiff is reminded that he must produce documents within his possession, custody or control.

In Request for Production No. 15, defendant sought the following:

> **NO. 15:** Produce all newspaper ads or other publications or website concerning, reflecting and/or referring to potential employment opportunities review by you since your termination of employment with Defendant.

Plaintiff responds that he will supplement with documents reflecting any efforts to obtain employment made by the plaintiff since he was terminated by defendant and which are in his possession. As no objection to this request was asserted, plaintiff is ordered to produce all documents responsive to this request within his possession, custody or control within seven (7)

days from the date of this order.

In Request for Production No. 19, defendant sought the following:

> **NO. 19:** Produce all documents concerning, relating to, identifying or describing any attorneys' fees that have been or will be incurred as a result of the claims asserted by you against Defendant in this action, including, but not limited to, copies of fee arrangements between you and your attorney, billing statements and evidence of payment thereof.

Plaintiff objected to this request to the extent it is irrelevant to any claim of plaintiff or defense of defendant. Plaintiff responded that he is seeking attorney fees only to the extent he is a prevailing party and will submit an application for attorney fees and costs as authorized by any statute and/or rules and/or the court.

Although plaintiff argues that "defendant has not demonstrated good cause for requiring plaintiff to provide this information," the party resisting discovery bears the burden of establishing lack of relevance, specifically by demonstrating the requested discovery either does not come within the broad scope of relevance under Rule 26(b)(1) or is of such marginal relevance the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. ***Brady***, 238 F.R.D. at 435. Here plaintiff has asserted a claim for attorney's fees and, therefore, cannot argue that information pertaining to this claim is irrelevant. Further, although plaintiff asserts that fee

agreements, billing statements or payments have no bearing on whether plaintiff's termination was motivated by an illegal motive, this information arguably has a bearing on plaintiff's claim for attorney's fees. Therefore, defendant's motion to compel is **GRANTED** as to Request No. 19.

### III. INTERROGATORIES

### A. Verification

Defendant maintains that plaintiff failed to verify his Interrogatory Answers pursuant to Fed.R.Civ.P. 33(b)(3). Plaintiff concedes this and subsequently provided a verification in response to defendant's motion to compel. **See Fed.R.Civ.P. 33(b)(3); 37 (a)(5).**

### B. Objections

Defendant complains of plaintiff's answers to the following Interrogatories: Nos. 5, 6, 10, 11, 12, 15, 16, and 17. In its fifth Interrogatory, defendant sought the following:

> As to each element of damage identified in the previous Interrogatory, state the full amount of money you seek and describe the manner in which the amount was calculated, including each element of damage of recovery that you seek, the amount sought for each element, the manner in which each element of the calculation was determined, and identify the source of each number used in the calculation.

Similarly, in its sixth Interrogatory, defendant sought the following:

> Identify the name, address and phone number of each doctor, chiropractor, psychologist, psychiatrist,

therapist, or any other practitioner of the healing arts with whom you have consulted or by whom you have been treated within the last five (5) years, including without limitation those with whom you have consulted regarding injuries and/or damages arising from the facts and circumstances made the basis of this action.

Plaintiff responded to Interrogatory No. 5 that he had not calculated damages at this time. With respect to Interrogatory No. 6, plaintiff responded that this interrogatory was "not applicable at this time." For reasons previously set forth in this order, neither answer is acceptable.

Defendant's motion to compel answers to Interrogatory Nos. 5 and 6 is **GRANTED.**

In its tenth Interrogatory, defendant sought the following:

If you have previously been a party to any other lawsuit, charge, or claim before a court, agency, or other tribunal, including, but not limited to, any and all divorce, child custody and/or child support proceedings, state the date and file number of each such suit, charge or claim; the name by which you were then known; the court, agency, or other tribunal in which it was brought; the proper designation of the lawsuit, charge, or claim; the names of all other parties to the lawsuit, charge, or claim; whether you were a plaintiff, defendant, claimant, respondent, charging party, or charged party; the nature of such lawsuit, charge, or claim; and the disposition of each such lawsuit, charge, or claim.

Counsel for Plaintiff objected to this interrogatory to the extent it seeks information which is outside the scope of discovery. Specifically, counsel objects to the extent this interrogatory seeks information which is not relevant to plaintiff's claims or the defendant's defenses in this lawsuit. Subject to and without waiving said objection, plaintiff responded

that he is a party to a lawsuit challenging the decision regarding his application for unemployment compensation and that the defendant is in possession of all of the particulars of that lawsuit as the defendant is also a party.

Although plaintiff objects to answering questions regarding other lawsuits he may have been a party to, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense..." **Fed.R.Civ.P. 26(b)(1)**. "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." ***Id.*** Here, defendant seeks information regarding prior suits, charges or claims in order to defend against plaintiff's claims that he was wrongfully terminated and as a result, has sustained loss of income and emotional pain and anguish. Thus, the information sought appears reasonably calculated to lead to the discovery of admissible evidence. ***Id.; see also Ferko***, 218 F.R.D. at 132(discovery rules liberally construed to provide the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement).

Defendant's motion to compel answers to Interrogatory No. 10 is **GRANTED.**

In its eleventh Interrogatory, defendant sought the following: a. [Plaintiff's] full name, including all other names and nicknames

[plaintiff] ha[s] ever used:
b. All driver's licenses, types, numbers and by whom issued, held by [plaintiff] at any time;
c. All Social Security numbers ever held by [plaintiff];
d. [Plaintiff's] address or addresses for the past five (5) years, including street number, street, city, state and zip code;
e. [Plaintiff's] date and place of birth; and
f. Identify each person and that person's name and last known address, if any, to whom [plaintiff] ha[s] been married, either ceremonially or by common law.

Plaintiff objected on the grounds that each of the subparts should be counted as separate interrogatories since each question can be asked separately and is not logically or factually related to the others. Plaintiff further objected to the extent these interrogatories seek information which is outside the scope of discovery since they are not relevant to plaintiff s claims or to the defendant's defenses in this lawsuit. Subject to and without waiving said objection, Plaintiff provided his full name: Jeffrey L. Abraham.

Rule 33 provides that each party is limited to 25 written interrogatories, including all discrete subparts. *See* **FED.R.CIV.P. 33(a)**. Questions often include subparts which may either be separately numbered or not separately number. Generally, questions inquiring about a particular communication, for example, include subparts relating to the identification of the time, place, persons present, and contents of the communication in question and are treated as a single interrogatory. *See Williams v. Board of Cty. Comm'rs*, 192 F.R.D. 698, 701 (D.Kan. 2000).

While it appears that several interrogatories in the present case include subparts which arguably could be treated as separate distinct interrogatories, Rule 33 provides that a party may serve no more than 25 written interrogatories, including all discrete subparts. **FED.R.CIV.P. 33(a)**. Here, accordingly to plaintiff's computation, plaintiff was served with twenty-two interrogatories, the majority of which he failed to answer. Further, the Rule provides that the number of interrogatories may be expanded or limited by stipulation or court order. **FED.R.CIV.P. 26(b)(2)(A); 33(a)(1)**. As defendant's interrogatories were well within the number allowed, plaintiff's argument is unavailing.

Plaintiff also objects that the information sought is not relevant; it is. For reasons previously set forth in this Order regarding the broad scope of discovery and its stated purpose, defendant's motion to compel is **GRANTED** as to Interrogatory No. 11.

In its twelfth Interrogatory, defendant asked whether plaintiff had ever been charged with, arrested for or convicted of a crime, and if so, the date(s) on which he was charged, arrested, or convicted; the city, county, and state of the Charge, arrest, or conviction; the crime with which or for which he was charged, arrested, or convicted; and the final disposition of the matter, i.e., deferred adjudication, probation, or imprisonment.

Plaintiff objected to this interrogatory on the grounds that it was not relevant to plaintiff's claims or to the defendant's

defenses in this lawsuit.  While its relevance is not altogether clear, the discovery appears reasonably calculated to lead to the discovery of admissible evidence and need not be admissible at trial; therefore, plaintiff's arguments that the Rules of Evidence preclude this information is unavailing.  F<small>ED</small>.R.C<small>IV</small>.P. 26(b)(1). Defendant's motion to compel is **GRANTED** as to Interrogatory No. 12.

In Interrogatory No. 15, plaintiff was asked to identify each person with or to whom he has spoken or otherwise communicated regarding any matter referenced in or related to this lawsuit and/or regarding any matter that forms a basis of his claims or allegations in this lawsuit.

Plaintiff objected to the extent that this interrogatory seeks information protected by the attorney work product privilege and/or trial strategy or preparation but failed to provide a privilege log.  Subject to this unsupported assertion of a privilege, plaintiff responded that he would supplement this answer to identify any person he has personally spoken with or communicated with regarding his claims in this lawsuit, if any.  For reasons previously stated in this Order, plaintiff's answer is insufficient; therefore, defendant's motion to compel is **GRANTED** as to Interrogatory No. 15.

In Interrogatory No. 16, plaintiff was asked to identify all search engines or other resources he has used on the world wide web to find employment since March 3,2009 and provide the date(s) and

results of his search(es).  Plaintiff objected to the interrogatory to the extent it is overly burdensome and overly broad in that it asks plaintiff to identify every search engine, or other resource he has used to find employment over a two year period, including the dates and results of any searches.  Counsel further objected to the extent it is outside the scope of discovery since it is not relevant to plaintiff's claims or defendant's defenses.

Plaintiff is reminded this he filed this suit and has alleged lost wages.  Defendant has pled the affirmative defense of failure to mitigate damages and further, has requested an offset by the amount of wages and benefits plaintiff received.  Accordingly, the information sought is relevant.  Further, plaintiff has not demonstrated that the information is overly burdensome and overly broad but in typical fashion has refused to respond at all.  Accordingly, defendant's motion to compel is **GRANTED** as to Interrogatory No. 16.

In Interrogatory No. 17, plaintiff was asked to identify any social media accounts, any You Tube postings (or similar online postings) made by plaintiff or on his behalf, any e-mail addresses and any mobile phone numbers used by him from 2008 to the present, including the third party provider and any account numbers.  Plaintiff objected to this interrogatory to the extent it is outside the scope of discovery since it is not relevant to plaintiff's claims or defendant's defenses in this lawsuit.

Counsel further objected to the extent it seeks information which is confidential to plaintiff.

For reasons previously set forth, the information sought is arguably reasonably calculated to lead to the discovery of admissible evidence. **FED.R.CIV.P. 26(b)(1)**. Further, plaintiff has not demonstrated he has a privacy interest in social media accounts, You Tube or similar postings and any privacy concerns relating to plaintiff's email address and phone can be easily addressed. Accordingly, defendant's motion to compel is **GRANTED** as to Interrogatory No. 17.

## IV. Request for Discovery Extension & Sanctions

Pursuant to the Court's scheduling order, issued on July 7, 2010, defendant's exhibit, witness and expert designation deadline was March 28, 2011, and all discovery is due May 2, 2011. (Docket no. 8). Defendant requests that the Court extend the defendant's deadline to provide its exhibit, witness and expert designation until April 25, 2011, and that defendant's discovery deadline be extended until May 30, 2011, while the plaintiff's deadlines remain the same. Further, defendant requests that the dispositive motion deadline be extended until June 30, 2011. Defendant also seeks payment of its reasonable expenses in making this motion.

While the Court finds that plaintiff has unnecessarily delayed the prosecution of this case by refusing to provide discovery, the Court is not inclined to extend the discovery deadline for one

party and not the other. Therefore, the deadline for defendant to file its exhibit, witness and expert witness designation shall be extended to Friday, May 20, 2011, discovery for both parties is extended until Monday, June 13, 2011, and the dispositive motion deadline is extended until Friday, July 8, 2011.

### Conclusion

For the foregoing reasons, defendant's motion to compel is **GRANTED**.

It is **ORDERED** that plaintiff's objections lodged to defendant Cavender's First Set of Interrogatories and Request for Production are **OVERRULED as set forth in this Order.**

It is further **ORDERED, ADJUDGED and DECREED** that plaintiff must respond and/or supplement his responses to defendant Cavender's Interrogatories, Request for Production and his Initial Disclosures, as identified in the Motion, within seven (7) calendar days of this Court's Order; if plaintiff cannot produce documents pertaining to his employment, medical (if applicable) and financial records within his possession, custody or control within the time specified, he is further **ORDERED** to execute applicable authorizations in the forms served by the defendant within seven days from the date of this Order.

It is further **ORDERED, ADJUDGED and DECREED** that Plaintiff SHALL PAY to defendant reasonable expenses, including attorneys' fees, for the making of defendant's Motion to Compel, in an amount

to be specified by subsequent Order of this Court following submission of proof by defendant, such fees to be paid within fourteen (14) days of the subsequent Order of this Court.

It is further **ORDERED, ADJUDGED and DECREED** that defendant's exhibit, witness and expert witness designation and filing deadline, as described in Paragraph 4 of the Court's First Amended Scheduling Order, shall be extended to Friday, May 20, 2011, that Defendant's discovery period shall now close on Monday, June 13, 2011, and that the dispositive motion deadline shall be Friday, July 8, 2011.

**SIGNED** April 26, 2011.


_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE