```
              UNITED STATES DISTRICT COURT
               WESTERN DISTRICT OF TEXAS
                  SAN ANTONIO DIVISION
```

| | |
|---|---|
| **JEFFREY L. ABRAHAM,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  CIV. NO. SA-10-CA-453-XR |
| | * |
| **CAVENDER BOERNE ACQUISITION OF** | * |
| **TEXAS, LTD., a/k/a CAVENDER** | * |
| **CHEVROLET,** | * |
| | * |
| Defendant. | * |

## ORDER

On this day, the Court considered Defendant's Submission of Attorneys' Fees (docket no. 27), plaintiff's objections (docket no. 29), and defendant's response (docket no. 31). Having considered the documents and applicable law, the Court **GRANTS** the Defendant's Submission of Attorneys' Fees.

### Procedural History

Plaintiff, Jeffrey L. Abraham, filed suit against defendant, Cavender Boerne Acquisition of Texas, LTD., also known as Cavender Chevrolet ("Cavender") in the 216th Judicial District Court of Kendall County, Texas. Defendant timely removed this case and the case was assigned to U.S. District Judge Xavier Rodriguez. On March 22, 2011, defendant moved to compel responses to interrogatories and production of documents. (Docket no. 20). Upon referral, the motion was granted along with reasonable attorney's fees. (Docket no. 26). Plaintiff failed to timely object to the order granting defendant's motion to compel and

ordering plaintiff to pay defendant's reasonable attorneys' fees. (Docket no. 33).  Accordingly, the sole issue before the Court is whether the amount of attorneys' fees submitted by defendant is reasonable.  (Docket nos. 27 and 31).

## Legal Standard

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that when a motion to compel evidence is granted,

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

**FED.R.CIV.P.37(a)(5)(A)**(emphasis added).  The Court has "broad discretion in setting the appropriate award of attorneys' fees." ***Watkins v. Fordice***, 7 F.3d 453, 457 (5th Cir. 1993)(citing ***Hensley v. Eckerhart,*** 461 U.S. 424, 433-34, 440 (1983)).

In considering the amount to be awarded, the Court first calculates the "lodestar" by multiplying the reasonable hours worked by a reasonable hourly rate. ***Hensley,*** 461 U.S. at 433.  The "lodestar" amount may then be adjusted upward or downward, if needed, according to the factors set forth in ***Johnson v. Georgia Highway Express, Inc.,*** 488 F.2d 714 (5th Cir. 1974).  These factors include:

> (1) the time and labor required;
> (2) the novelty and difficulty of the legal questions;
> (3) the requisite skill to perform the legal service properly;
> (4) the preclusion of other employment by the attorney

2

>     due to acceptance of the case;
>     (5) the customary fee for similar work in the community;
>     (6) whether the fee is fixed or contingent;
>     (7) time limitations imposed by the client or the circumstances;
>     (8) the amount involved and the results obtained;
>     (9) experience, reputation, and ability of the attorneys;
>     (10) "undesirability" of the case;
>     (11) nature and length of the professional relationship with the client; and
>     (12) awards in similar cases.

*Johnson,* 488 F.2d at 717-19. The lodestar amount is presumptively reasonable and is adjusted according to the *Johnson* factors only in exceptional cases and based on detailed findings. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The Court must explain any adjustments and indicate how each *Johnson* factor was applied. *Id.*

## Analysis

Defendant seeks a total of $5,608.50 in attorneys' fees and states that its attorneys, Ramon D. Bissmeyer, who charges $225.00 per hour, and Michael T. Lennane, who charges $195.00 per hour, spent 28.5 hours altogether "in connection with Cavender's Motion to Compel, including (a) conferring with Plaintiff's counsel concerning this dispute; (b) reviewing the discovery responses made the basis of the Motion to Compel; (c) preparing Cavender's Motion to Compel; (d) conducting legal research and analysis in support of the Motion to Compel; (e) reviewing Plaintiff's Response brief; (f) preparing Cavender's Reply brief; (g) conducting legal research and analysis in support of the Reply brief; and (h) preparing this

present Affidavit and Submission of Attorneys' Fees." (Docket no. 27, **Bissmeyer Affidavit,** p. 5).

In response, plaintiff initially attempts to argue that defendant is not entitled to an award of attorneys' fees; however, the Court need not address these arguments in light of Judge Rodriguez's dismissal, as untimely, of plaintiff's objections to the order granting the motion to compel and ordering plaintiff to pay defendant's reasonable attorneys' fees and expenses for the motion to compel. (Docket no. 33). Plaintiff also "objects to the amount of time defense counsel attributes to drafting correspondence and motions, conducting research, and reviewing unidentified information related to the motions submitted in support of defendant's request for attorney fees." Additionally, plaintiff objects to defendant's claim for attorneys' fees for two separate attorneys.

**A. Hours Billed**

In the affidavit submitted by defense counsel, Mr. Bissmeyer, who is board certified in labor and employment law, asserts that his firm spent 28.5 hours in connection with Cavender's Motion to Compel, including conferring with plaintiff's counsel, reviewing the discovery responses, preparing the motion, conducting legal research and analysis, reviewing and responding to plaintiff's response brief, and preparing the affidavit and Submission of Attorneys' Fees, along with the response to plaintiff's objections

4

to defendant's affidavit. The attached fee statements indicate Mr. Bissmeyer billed 1.7 hours and Mr. Lennanne billed 26.8 hours in connection with the motion to compel.

Plaintiff objects to the hours claimed by the defendant, maintaining that 1.9 hours to draft a two page letter is unreasonable; the 1.0 hour billed to "review[] information needed for Motion to Compel and regarding requests to confer" is unsupported and unwarranted; and the 8.3 hours billed to "locate authority concerning Plaintiff's objections" and to "locate authority in support of Motion to Compel" is unreasonable. Plaintiff argues that the $5608.50 requested by defendant is excessive and that defendant should not be awarded in excess of $1807.50 in connection with the motion to compel.[1]

Nevertheless, after carefully considering the fee statements in the defendant's affidavit, and the arguments of both parties, along with defendant's affidavit, this Court finds the defendant's claimed hours to be reasonable. ***See Toilet v. City of Kemah***, 285 F.3d 357, 367 (5th Cir. Mar. 6, 2002)(unreported)(citing ***Shipes***, 987 F.2d at 323-24)(affidavit of counsel may serve as proof of amount to be awarded pursuant to a Rule 37 sanction award). The claimed hours do not appear to be excessive but rather are

---

[1] The amount suggested by plaintiff would result in defendant's attorneys' being compensated only for 9.27 hours, based on an hourly rate of $195.00, for their efforts in seeking to resolve this discovery dispute; reviewing the discovery responses and preparing the Motion to Compel; conducting legal research and analysis; reviewing and responding to plaintiff's response; and preparing and responding to its Submission of Attorneys' Fees."

5

reasonable in light of the expertise of the attorneys, and the additional work defense counsel was required to perform to obtain basic discovery from plaintiff, including defense counsels' careful research and comprehensive arguments in support of its motion and in response to plaintiff's objections and responses.

**B. Hourly Rate**

The affidavit submitted by the defendant's counsel asserts that the hourly rates of Ramon D. Bissmeyer and Michael T. Lennane are $225.00 per hour and $195.00 per hour, respectively. (Docket no. 27, p. 4). The affidavit further asserts that these are reasonable hourly rates given the type of litigation involved and the respective experience levels of the attorneys. (Id.). Plaintiff does not object to the actual rates claimed. Further, these rates do not appear to be unreasonable in light of the State Bar of Texas' 2009 "Hourly Rate Fact Sheet" which provides that the average hourly rate for an attorney in the San Antonio area practicing labor/employment law is $196.00 per hour; the average rate for a S.A. attorney with seven to ten years experience is $183.00; and the average rate for a S.A. attorney with eleven to fifteen years of experience is $207.00 per hour.

Based on the number of hours billed, which the Court has previously determined to be reasonable, defendant is seeking an average of $197.00 per hour. Even if the Court were to utilize the lower hourly rate of $195 an hour, defendant would still be

entitled to $5557.50, which is only $51.00 less than the actual amount sought by defendant. Further, although plaintiff complains that defendant is billing for two attorneys rather than one, the overwhelming majority of defendant's fees are based on the lower rate of $195.00 per hour. In fact, defendant is only claiming the higher rate of $225.00 with respect to the 1.7 hours billed by Mr. Bissmeyer, who is board certified in labor and employment law, and appears to be the supervising attorney. As they do not appear to be unreasonable, the hourly rates of $225 and $195 will be used by this Court for Mr. Bissmeyer and Mr. Lennane, respectively.

**C. Calculating the Lodestar Amount**

Mr. Lennanne's hourly rate is $195 per hour for 26.8 hours for a total of $5,226.00. Mr. Bissmeyer's hourly rate is $225 per hour for 1.7 hours for a total of $382.50. This combined total for attorneys' fees is $5,608.50.

**D. Adjusting the Lodestar Amount**

Defendant has not sought an adjustment to the lodestar amount. Further, to the extent plaintiff's arguments can be interpreted as requiring that the lodestar be reduced, the Court finds that an adjustment to the lodestar amount is not required.[2]

---

[2] Plaintiff argues that in "deciding to award fees", the Court should consider factors such as the minimum amount needed to deter future litigation abuse, the sanctioned party's ability to pay, and the severity of the sanctioned conduct. These factors are not assessed in determining whether to adjust the lodestar amount but rather, appear to go to the merits of defendant's entitlement to the award of attorneys' fees, a matter previously determined by the Court. *See Johnson*, 488 F.2d at 717-19.

All of the *Johnson* factors are fully reflected in the hourly rate and the hours billed by defendant's counsel.

### Conclusion

For the foregoing reasons, defendant's submission of attorney's fees is **GRANTED**.

It is **ORDERED** that plaintiff pay defendant the sum of $5,608.50 within fourteen (14) days from the date of this Order.

**SIGNED** July 28, 2011.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE