**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**



| | | |
|---|---|---|
| JEFFERY L. ABRAHAM | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No.  SA-10-CV-0453-XR |
| | § | |
| CAVENDER BOERNE ACQUISITION OF | § | |
| TEXAS, LTD a/ka/ Cavender Chevrolet | § | |
| | § | |
| *Defendant.* | | |

### ORDER ON COSTS

On this day the Court considered Defendant's Bill of Costs (Docket Entry No. 56).  Plaintiff did not file objections.  For the reasons stated below the Court awards costs to Defendant in the amount of $1,107.00.

### Legal Standard

Rule 54(d) provides that costs "shall be allowed to the prevailing party." Fed. R. Civ. P. 54(d).  28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the authority found in Rule 54(d). *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004); *see also Crawford Fitting Co. v. Gibbons*, 482 U.S. 437, 441, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Thus, unless otherwise authorized by statute, the types of costs that may be awarded under Rule 54(d) are limited to those enumerated in Section 1920. *Id.* Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the
> following:
> (1)     Fees of the clerk and marshal;
> (2)     Fees for printed or electronically recorded
>            transcripts necessarily obtained for use in the
>            case;
> (3)     Fees and disbursements for printing and

witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

## Analysis

1. *Transcripts*

Defendant seeks $2,960.25 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case. Such costs are authorized under Section 1920(2). 28 U.S.C. § 1920(2). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991). Whether a deposition could reasonably be expected to be used for trial preparation is a factual determination by which the Court is provided broad discretion. *Id*. at 285–86.

First, Defendant has requested that the Court tax the cost of the deposition of Plaintiff, Jeffrey Abraham. It was reasonable for Defendant to depose Plaintiff in order to identify material facts and issues relating to Plaintiff's claims. Accordingly, the Court finds that Defendant could have reasonably expected to use the deposition at the time it was taken for trial preparation, rather than merely for discovery. *Id*. at 285. However, the Court notes that Defendant seeks recovery for the

cost of the transcript ($1,107.00) as well as a video copy ($637.50) of the deposition. The Court does not generally award costs for both. *See Lear Siegler Services v. Ensil Int'l Corp.*, SA-05-CV-679-XR, 2010 WL 2595185 (W.D. Tex. June 23, 2010). Because Plaintiff would have been expected to appear at trial such that a videotape deposition would not be necessary for trial, the Court finds that the video deposition was not necessarily obtained for use in the case. The Court therefore approves the award of $1,107.00 for the cost of the deposition transcript, but denies the cost of $637.50 for the video copy.

Next, Defendant seeks to recover the cost of $630.00 for a court reporter's record for a hearing in the Kendall County Courthouse on August 8, 2011. The Court is unable to determine the purpose of this hearing, and no explanation was provided by Defendant. Accordingly, the Court concludes that Defendant has not demonstrated that the costs were necessary for the case. The Court therefore denies the cost of $630.00 for the cost of the reporter's record.

The Court therefore awards a total of $1,107.00 for electronically recorded transcripts necessary for use in the case.

2. *Copies*

Defendant seeks to recover $522.34 for the cost of copies. Copy costs are recoverable under Section 1920 if they are necessarily obtained for use in the litigation. 28 U.S.C. § 1920(4), *see also Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994). Other than providing invoices, Defendant provides no further description indicating the substance and purpose of the copies. Section 1920 does not allow the prevailing party to recover the cost of materials that were merely added for the convenience of the attorney. *See U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 761 F. Supp. 2d 442, 451 (W.D. Tex. 2010) (citing *Studiengesellschaft Kohle mbH v. Eastman*

3

*Kodak Co.*, 713 F.2d 128, 133 (5th Cir.1983)). The Court therefore declines to award the cost of copies.

3. *Shipping and Delivery*

Defendant seeks to recover $62.00 for the cost of shipping and delivery of some of the transcripts and video recordings.  Although § 1920 allows recovery of fees for transcripts, it does not allow recovery for shipping and delivery specifically. See 28 U.S.C. § 1920. Costs for mail services have consistently been disallowed on the grounds that these expenses are only for the convenience of the attorney. *See  Mota v. The Univ. of Tex. Houston Health Sci. Ctr*., 261 F.3d 512, 529 (5th Cir.2001), *see also Denner v. Texas Dept. of Criminal Justice*, Civ. No. SA-05-CA-184XR, 2007 WL 294191 (W.D. Tex. Jan. 29, 2007), *Auto Wax Co., Inc. v. Mark V Products, Inc*., CIV.A.3:99-CV-0982-M, 2002 WL 265091 (N.D. Tex. Feb. 22, 2002).  The Court has identified two invoices which contain shipping and delivery charges totaling $62.00. The Court therefore declines to award the cost of shipping and delivery.

4. *Other Expenses*

Defendant seeks a total of $196.35 in miscellaneous costs, including a custodian fee, retrieval charges, and research and preparation. The expenses Defendant is seeking are not explicitly stated as recoverable under any of §1920 categories and Defendant has not provided any reason or cited any case law that would permit the Court to award such costs. "The Supreme Court has indicated that federal courts may only award those costs articulated in Section 1920 absent explicit statutory or contractual authorization to the contrary." *Gagnon v. United Technisource Inc*., 607 F.3d 1036, 1045 (5th Cir.2010); *see also Crawford*., 482 U.S. 437 at 445 (1987). The Court therefore declines to award the cost of these expenses.

4

**Conclusion**

The Clerk is ORDERED to tax costs in favor of Defendant and against Plaintiff as follows:

(1) fees for printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $1,107.00.

It is so ORDERED.

SIGNED this 8th day of June, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE